# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | No. 3:06-CR-99 |
| ) | (Phillips) |
| **MICHAEL GILL WILSON,** ) | |
| a/k/a **NICHI SENJURO** ) | |

## ORDER OF COMMITMENT FOR MENTAL EXAMINATION

This matter came before the court on January 8, 2007 for trial. Counsel for defendant announced to the court that defendant wished to enter a plea of guilty pursuant to a plea agreement. The court conducted a change of plea hearing in accordance with F.R.Cr.P. 11. Following the entry of his guilty plea, the defendant informed the court that he had been adjudged criminally insane in a court in Colorado. Defense counsel then moved the court for an order committing defendant for psychological examination. The government did not oppose the motion. Accordingly, the court finds that the defendant shall be examined pursuant to the provisions of 18 U.S.C. §§ 4241 and 4242.

The names, addresses, and telephone numbers of the Assistant United States Attorney, defense counsel, and defendant's pretrial services officer are:

(a) Government's counsel: Tracy L. Stone
PO Box 872, Knoxville, TN 37902
865/545-4167

(b) Defense counsel: A. Phillip Lomonaco

800 S. Gay Street, Suite 2610
Knoxville, TN 37929
865/521-7422

(c) Probation officer: Adrienne Simpson Brown
800 Market Street, Ste 311, Knoxville, TN 37902
865/545-4001

**IT IS THEREFORE ORDERED:**

1. That the United States Marshal is hereby directed to transport the defendant to the nearest suitable psychiatric facility (hospital) for purposes of psychiatric evaluation, pursuant to 18 U.S.C. § § 4241 and 4242. Said commitment shall be for a reasonable period not to exceed forty-five (45) days, unless otherwise ordered, and such reasonable period to commence upon defendant's arrival at the examining facility.

2. That the receiving facility and doctor in whose primary care the defendant is placed shall file a written report with this court as soon as practicable with copies to counsel for the government and the defendant, said report to include:

    a. the defendant's history and present symptoms;

    b. a description of the psychiatric, psychological, and medical tests that were employed and the results;

    c. the examiner's findings; and

    d. the examiner's opinions as to diagnosis, prognosis, and

        1. whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature

and consequences of the proceedings against him or to assist property in his defense; and

2. whether defendant suffered from such mental disease or defect which rendered him insane at the time of the offense charged.

3. The defendant be given any necessary medications if determined appropriate to do so by the medical staff at the facility.

4. That the psychiatrist/psychologist have access to any pretrial services and probation reports completed on the defendant in this case.

5. That the psychiatrist/psychologist have access to all available medical records on the defendant.

6. The United States Marshal shall notify the clerk of the court and the undersigned's office promptly when defendant returns to this jurisdiction from the mental evaluation. A competency hearing will then be scheduled.

7. The Clerk is **DIRECTED** to serve a copy of this order on all counsel of record, to forward a copy to the Probation officer, and to serve three certified copies on the U.S. Marshal.

8. This matter is set for a mental competency hearing/sentencing on **April 11, 2007 at 9:00 a.m.**

**IT IS SO ORDERED**.

**ENTER:**

<pre>
       s/ Thomas W. Phillips       
      United States District Judge
</pre>