UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHAEL GILL WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:06-CR-99-TWP-CCS-1 |
| | ) | 3:16-CV-402-TWP |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 78]. The petition relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on August 11, 2016 [Doc. 81]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons below, Petitioner's § 2255 motion [Doc. 78] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.  BACKGROUND**

In 2007, Petitioner pled guilty to possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1) [Presentence Investigation Report (PSR) ¶¶ 1–2]. Based on four prior convictions—a prior Kansas conviction for second-degree murder [*Id.* ¶ 24], prior Colorado conviction for robbery [*Id.* ¶ 26], and two prior Colorado convictions for aggravated robbery [*Id.* ¶ 27]—the United States Probation Office deemed Petitioner to be an armed career criminal subject to an enhanced fifteen-year mandatory minimum sentence under § 924(e). In

accordance with that designation, this Court sentenced Petitioner to 180 months' incarceration followed by five years' supervised release on December 5, 2008 [Doc. 70].

Petitioner appealed, but the Sixth Circuit affirmed his convictions and sentence on November 4, 2010 [Doc. 75]. Petitioner did not seek a writ of certiorari and, as a result, his conviction became final for purposes of § 2255(f)(1) on February 11, 2011, after expiration of the time to seek such a writ. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (explaining that a conviction affirmed on appeal becomes final when the ninety-day period for seeking a writ of certiorari expires); U.S. Sup. Ct. R. 13(3) (providing ninety-day period for requesting a writ of certiorari, running from the date of the Court of Appeal decision).

Five years later—in June of 2016—Petitioner filed the instant collateral challenge requesting vacatur of his ACCA-enhanced sentence in light of the *Johnson* decision [Doc. 78 (suggesting an undisclosed number of prior convictions no longer qualify as ACCA predicates)].

## II.     TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable

2

on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). Petitioner submitted the instant petition within subsection (f)(3)'s window.

## III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## IV. ANALYSIS

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is

3

prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a prior serious drug offense as an independent form of ACCA predicate conviction. *See*, *e.g.*, *United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect a defendant's categorization as an armed career criminal based on his or her prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n.1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of

4

conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Review of Petitioner's PSR reveals that at least three of his prior convictions categorically qualify as ACCA predicate offenses independent of the now-defunct residual clause. As a result, Petitioner has failed to demonstrate an entitlement to collateral relief.

For purposes of § 924(e)(B)(2)(i), "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010). At the time Petitioner committed the offense, Kansas defined second-degree murder as "the malicious killing of a human being, committed without deliberation or premeditation and not in perpetration or attempt to perpetrate a felony." Kan. Stat. Ann. § 21-3402 (1970). Binding Sixth Circuit precedent makes clear that the intentional killing of another person, as is required under the above-quoted statute, necessarily requires the use of force capable of causing physical pain or injury to another, i.e., violent physical force. *See United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012) ("We hold that one can knowingly cause serious physical harm to another only by knowingly using force capable of causing physical pain or injury, i.e., violent physical force." (internal quotations omitted)). As such, Petitioner's Kansas second-degree murder conviction categorically qualifies as a violent felony under the ACCA's use-of-physical-force clause; the *Johnson* decision has no impact on the propriety of that categorization. *See United States v. Jackson*, No. 15-3982, 2016 WL 3619812, at *2 (6th Cir. July 1, 2016) (finding that Tennessee voluntary manslaughter requires "proof that a person 'cause[d] the death of another human being under circumstances that would otherwise be murder," necessarily involves proof that the individual used force capable of causing physical pain or injury); *United*

5

*States v. Collins*, 799 F.3d 554, 597 (6th Cir. 2015) ("[C]rimes which require proof of physical injury necessarily have 'as an element the use, attempted use, or threatened use of physical force against the person of another' and thus qualify as crimes of violence under the 'elements' clause of the ACCA."); *accord United States v. Bennett*, 604 F. App'x 11, 16 (2nd Cir. 2015) (holding that all forms of New York second-degree murder require the defendant cause the death of another and thus categorically qualify as violent felonies under the ACCA's use-of-physical-force clause).

Petitioner's three Colorado robbery convictions—one for simple robbery and two for aggravated robbery—categorically qualify as violent felonies independent of the *Johnson* decision as well. All three convictions involved the knowing taking of something of value "from the person or presence of another by the use of force, threats, or intimidation," Colo. Rev. Stat. 18-4-301 (1980), and the Colorado Supreme Court has made clear that "force, threat, or intimidation" implies violent force, *see People v. Borghesi*, 66 P.3d 93, 100 (Colo. 2003) ("the gravamen of the offense of robbery is the violent nature of the taking"); *People v. Jenkins*, 599 P.2d 912, 914 (Colo. 1979) ("[T]his court concludes as a matter of law that the offense of robbery, whether committed by actual force, or by constructive force, i.e., threats or intimidation, is a crime involving the use of "force or violence"). Because both simple and aggravated robbery in Colorado invariable require the use or threatened use of violent force, all three of Petitioner's convictions under those two provisions categorically qualify as violent felonies for purposes of ACCA enhancement. *United States v. Forrest*, 611 F.3d 908, 911 (8th Cir. 2010); *accord United States v. McBride*, No. 15-3759, 2016 WL 3209496, at *2 (6th Cir. June 10, 2016) (finding that federal bank robbery, in violation of 18 U.S.C. § 2113(a), which can be committed "by force and violence, or by intimidation," falls within Section 4B1.2(a)'s use-of-physical-force clause). Again, the *Johnson* decision has no impact on the propriety of this categorization.

## IV. CONCLUSION

For the reasons discussed above, the § 2255 motion [Doc. 78] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

                               s/ Thomas W. Phillips
                               SENIOR UNITED STATES DISTRICT JUDGE